IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEXANDER A. WILLIAMS,         )<br>    ID # 19042243,                          )<br>         Plaintiff,                               )<br>vs.                                                  )<br>                                                      )<br>IRVING CITY DOG POUND,    )<br>         Defendant.                           )  | <br><br><br>No. 3:20-CV-0420-K-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *pro se* prisoner plaintiff's complaint should be **DISMISSED** as malicious.

### I.  BACKGROUND

Alexander Williams (Plaintiff), an inmate in the Dallas County Jail/Lew Sterrett Justice Center, sues the Irving City Dog Pound under 42 U.S.C. § 1983. (doc. 3 at 1, 3.)[2] He alleges that on August 8, 2019, Irving Police took his dog to the dog pound. (*Id.* at 4, 6.) He was told he had seven to ten days to pick up his dog before it was adopted out; he was not told that the dog was in danger. (*Id.*) He attempted to retrieve his dog on August 14, 2019, but was unable to find him. (*Id.*) A week later, he received a call from the dog pound and was told that the dog was put down because it wouldn't get in a cage. (*Id.*) Plaintiff seeks to recover for his pain and suffering. (*Id.*) He previously filed another lawsuit against the same defendant that duplicates or raises the same claims as this lawsuit, and it remains pending. *See Williams v. Dallas Police Officer et al.*, 3:19-CV-3046-B (N.D. Tex. Dec. 20, 2019), doc. 3 at 1, 3, 4-5. No process has issued in this case.

---

[1]  By *Special Order No. 3-251*, this pro se prisoner case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

The Fifth Circuit "has held that it is 'malicious' for a prisoner proceeding *in forma pauperis* to file a lawsuit that duplicates the allegations of another pending federal action by the same plaintiff."  *Chambers v. Stalder,* 999 F.2d 1580 (5th Cir. 1993) (per curiam) (Table, text on Westlaw) (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Humphrey v. Luna*, 59 F.3d 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (finding it is malicious for a pauper to file successive duplicative suits *in forma pauperis*) (citing *Pittman*, 980 F.2d at 995 (pending lawsuits) and *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)).  A complaint that duplicates claims asserted in an earlier case may be deemed malicious and subject to summary dismissal. *See Pittman*, 980 F.2d at 995.

Here, Plaintiff filed a prior action against the same defendant asserting the same claims as in this case.  This action should therefore be summarily dismissed as malicious without prejudice to the prosecution of his prior pending lawsuit.  *See Lewis v. Sec'y of Pub. Safety and Corr.,* 508 F. App'x 341, 344 (5th Cir. 2013) (dismissal of duplicative claim should be without prejudice to

prosecution of the claim in the other currently pending case) (citing *Chambers*, 999 F.2d at 1580).

## III. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** as malicious under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), but the dismissal should be without prejudice to his prosecution of his prior pending lawsuit, *Williams v. Dallas Police Officer et al.*, 3:19-CV-3046-B (N.D. Tex. Dec. 20, 2019). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 24th day of February, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

3